IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY DAVIS, #872268, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0930-H |
| | ) | ECF |
| JIM HAMLIN, Dallas County District Clerk, | ) ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Before the Court is an unspecified civil action seeking mandamus type relief, filed on May 22, 2006. Petitioner requests the Court to review the conduct of Jim Hamlin, Dallas County District Clerk. He alleges that on July 27, 2000, Hamlin erred in accepting for filing in No. F96-52982 a state habeas corpus writ, filed pursuant to art. 11.07, Texas Code of Criminal Procedure, although the writ clearly failed to comply with Rule 73.2 of the Texas Rules of Appellate Procedure. (Complaint at 1). Instead of unfiling the writ and returning it to Petitioner, it appears that Hamlin forwarded the writ to the Texas Court of Criminal Appeals, which in turn denied it without written order. See Ex parte Davis, No. 48,571-01. Petitioner requests this Court "to issue an order granting him [leave] to refile his habeas corpus application with the Court of Criminal Appeals [and] to inform the Court of Criminal Appeals of this Order." (Docket #2, Exhibit in support of complaint at "Affidavit-Allegation).

Petitioner has a long history of filing state habeas writs, federal habeas corpus petitions, and motions for leave to file successive habeas corpus petitions challenging his 1997 conviction for aggravated assault with a deadly weapon in No. F96-52982. Most recently, on January 10, 2006, the Fifth Circuit denied his fifth motion seeking leave to file a successive habeas petition pursuant to 28 U.S.C. § 2254, ordered Petitioner to pay $100 in sanction, and "barred [him] from filing in this court or in any court subject to this court's jurisdiction any pleadings that challenge the aforementioned conviction and sentence until the sanction is paid in full." Ex parte Davis, No. 05-11195.

Although the pleadings in this case focus on alleged errors of the Dallas County District Clerk in August 2000, they are clearly yet another attempt to challenge Petitioner's 1997 conviction for aggravated assault with a deadly weapon. As a result the sanction imposed in No. 05-11195 applies.

This Court "observe[s] and enforce[s] sanctions imposed by another federal court in Texas involving Texas Department of Criminal Justice inmates who file pleadings in this District, unless the sanctioned inmate establishes a change of circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust." MISC. ORDER 48. While this miscellaneous order does not mention sanctions imposed by the Fifth Circuit Court of Appeals, such sanctions should be equally recognized by district courts in Texas.

Before filing the instant habeas action, Petitioner did not pay the outstanding monetary sanction. Nor has Petitioner shown any change in circumstances or otherwise demonstrated that it would be unjust to enforce the Fifth Circuit sanction in this case. Accordingly, Petitioner must

2

satisfy the $100.00 monetary sanction before filing any action directly or indirectly challenging his 1997 conviction for aggravated assault with a deadly weapon in No. F96-52982.  Absent such a payment, the District Court should deny *in forma pauperis* status to Petitioner and dismiss this action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's motion for leave to proceed *in forma pauperis* be denied and that his petition for mandamus type relief be dismissed without prejudice consistent with the outstanding sanction from the Fifth Circuit Court of Appeals in In re Davis, No. 05-11195 (5th Cir. Jan. 10, 2006).

It is further recommended that Petitioner's motion for bench warrant or, in the alternative, for hearing by conference call filed on June 14, 2006, be denied.

A copy of this recommendation will be mailed to Petitioner.

Signed this 21st day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.